Laramore, Judge,
dissenting:
I believe plaintiff’s petition should be dismissed for the following reasons: Just because the Correction Board believed the Retiring Board and the Physical Review Board and not the Medical Board or the Physical Evaluation Board in my opinion does not give rise to a finding of arbitrary action.
The majority opinion which states that the Physical Review Board’s decision was approved by the Secretary and the Correction Board in effect blindly followed the same, and that no decision was made by the Correction Board, in my opinion is in error. If no decision had been made by the Correction Board, it would have been unnecessary for plaintiff to file an application for “review and hearing.”
Furthermore, the Correction Board had before it the complete history of plaintiff’s incapacity; the findings of the Retiring Board and the 1952 Disability Board’s findings as opposed by the findings of the Medical Board and the Physical Evaluation Board. To say that one or the other was arbitrary in these circumstances is, in my opinion, not within the province of this court, since I believe there was substantial evidence to sustain each Board’s findings. This is obviously true in a field requiring expert medical opinion. Who was right, and who was wrong, I think we cannot say.
Moreover if, as the majority says, the Correction Board did not consider the report of the Army Disability Review Board, in any event it is the approval by the Secretary concerned that is important here, and in my opinion the same reasoning applies. In other words, the Secretary was confronted with substantial evidence pointing in two directions *778 and because lie believed one and not the other is, in my opinion, not arbitrary.
Furthermore, even if the action of the Secretary and the Correction Board was arbitrary, I believe the basis for plaintiff’s suit stems from this action, and plaintiff’s cause of action accrued at that time. To permit plaintiff to recover back to 1945 in these circumstances would violate the 6-year statute of limitations.